1  JOHNSON & PHAM, LLP
2  Christopher D. Johnson, SBN: 222698
       E-mail: cjohnson@johnsonpham.com
3  Christopher Q. Pham, SBN: 206697
       E-mail: cpham@johnsonpham.com
4  Marcus F. Chaney, SBN: 245227
       E-mail: mchaney@johnsonpham.com
5
6  Jason R. Vener, SBN: 267941
       E-mail: jvener@johnsonpham.com
7  6355 Topanga Canyon Boulevard, Suite 115
8  Woodland Hills, California  91367
   Telephone:  (818) 888-7540
9  Facsimile:   (818) 888-7544

10
11 Attorneys for Plaintiff
   MOPHIE, INC.
12

                    UNITED STATES DISTRICT COURT
13
14                 CENTRAL DISTRICT OF CALIFORNIA

15

16 MOPHIE, INC., formerly known as        Case No.
   mSTATION Corporation, a California
17 Corporation,                           CV11- 07289 JHN (Ex)

18            Plaintiff,                   COMPLAINT FOR DAMAGES
                                          AND DECLARATORY RELIEF:
19
20      vs.                               (1) FEDERAL TRADEMARK
                                              INFRINGEMENT [15 U.S.C. §
21 CARL TANNER, an Individual, and            1114/Lanham Act §43(a)]
22 Does 1-10, Inclusive,                  (2) FALSE DESIGNATION OF
                                              ORIGIN/UNFAIR
23            Defendants                       COMPETITION/FALSE OR
                                              MISLEADING ADVERTISING
24                                            [15 U.S.C. §1125(a)];
25                                        (3) TRADEMARK DILUTION [15
                                              U.S.C. §1125(c)];
26
27                                        (4) UNFAIR BUSINESS
                                              PRACTICES [CALIFORNIA
28                                            BUSINESS & PROFESSIONS

                              - 1 -
                      COMPLAINT FOR DAMAGES

*CODE* §17200];
(5) **UNJUST ENRICHMENT;**
(6) **FEDERAL COPYRIGHT**
    **INFRINGEMENT [17 U.S.C.**
    **§501(a)];**
(7) **COMMON LAW COPYRIGHT**
    **INFRINGEMENT**
    **[CALIFORNIA CIVIL CODE §**
    **980 ET SEQ., AND**
    **CALIFORNIA COMMON**
    **LAW]**
(8) **DECLARATORY RELIEF;**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff MOPHIE, INC., (hereinafter "Plaintiff" and/or "MOPHIE"), and hereby alleges as follows:

## PARTIES

1.     Plaintiff MOPHIE INC., (hereinafter "Plaintiff" and/or "MOPHIE"), formerly mSTATION Corporation, is now, and was at the time of the filing of this Complaint and at all intervening times, a California Corporation, duly authorized and licensed to conduct business in the state of California, with its principal place of business in Santa Ana, California.

2.     Plaintiff alleges, on information and belief, that CARL TANNER (hereinafter "Defendant") is now, and was at the time of the filing of this Complaint, an individual residing at 916 Pinion Drive, Apt 2201, Arlington, Texas 76017.

3.     Defendant conducts business in the jurisdiction of the United States District Court for the Central District of California by offering counterfeits goods for sale in Los Angeles, California, that infringe on the registered trademarks of Plaintiff.

4.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant herein named as Does 1-10, inclusive, are unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

5.      Plaintiff further alleges that Defendant, and Does 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendant upon the causes of action hereinafter set forth.

6.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendant, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION/VENUE

7.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin, unfair competition and dilution under the Lanham Act (15 *U.S.C.* §1051 *et seq.*), and copyright infringement under 17 U.S.C. §501(a); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and 1338 (a)(b).

8.      This Court has personal jurisdiction over Defendant since Defendant has committed the tortious and illegal activities of trademark infringement and unfair competition in this district and/or Defendant has sufficient minimum contacts with this district to such that the exercise of jurisdiction over Defendant by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendant has advertised, offered to sell, has sold and has directed or sent to consumers within and to this judicial district products that

1   infringe the trademarks of Plaintiff. Defendant has also purposefully offered to sell
2   and actually sold counterfeit products (described more fully below) using an
3   interactive internet website and knowing or having reason to know that consumers
4   throughout the United States, including within this judicial district, would purchase
5   said counterfeit goods from Defendant, believing that they were authentic goods
6   manufactured and distributed by Plaintiff or its authorized manufacturers.

7       9.    Additionally, supplemental jurisdiction exists over Defendants
8   because on information and belief, Defendants conduct business in California and
9   in this judicial district, have purposefully directed action to California and this
10  district, or have otherwise availed themselves of the privileges and protections of
11  the laws of the State of California, such that this Court's assertion of jurisdiction
12  over Defendants does not offend traditional notions of fair play and due process.

13      10.   Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because
14  on information and belief, a substantial part of the events or omissions giving rise
15  to the claims occurred in this judicial district, and has caused damages to Plaintiff
16  in this district. The counterfeit MOPHIE - branded product was purchased from
17  California and Defendants purposefully shipped the counterfeit product into
18  California. Defendants' actions within this district directly interfere with and
19  damage Plaintiff's commercial efforts and endeavors and harms Plaintiffs'
20  goodwill within this Venue. Additionally, Plaintiff conducts a substantial business
21  within this Venue.

22                        **GENERAL ALLEGATIONS**

23      11.   Plaintiff is an award-winning designer and manufacturer of mobile
24  intelligent devices and accessories.  MOPHIE is widely recognized and highly
25  acclaimed for its creative and innovative solutions, including the "Mophie Juice
26  Pack" portable battery case certified by Apple, Inc., for use with iPhones.
27  Plaintiff is one of the leading companies in their industry and has gained numerous
28  awards and recognition for its innovative products and designs.

                              - 4 -
                    **COMPLAINT FOR DAMAGES**

12. Plaintiff continually strives to discover and develop advanced technologies, coupled with trend-setting designs to meet the voracious needs of the consumer electronics industry.

13. Plaintiff has spent substantial time, money and effort in developing consumer recognition and awareness of its marks. Through the extensive use of the Plaintiff's marks, Plaintiff has built up and developed significant goodwill in its entire product line. A wide array of newspapers, magazines and television networks has included advertising of Plaintiff's products, which are immediately identified by Plaintiff's marks. Plaintiff is the exclusive owner of federally-registered and Common law trademarks. The following is a partial (non-exhaustive) list of the registered trademarks owned by Plaintiff:

    A.    MOPHIE, registration number 3,227,723, registered April 10, 2007.

    B.    MOPHIE, registration number 3,949,983, registered April 26, 2011.

    C.    M, registration number 3,681,444, registered September 8, 2009.

    D.    M, registration number 3,681,443, registered September 8, 2009.

Attached hereto as Exhibit "A"-"D" are true and correct copies of the certificates of registration for each of the Marks that are federally-registered (hereinafter "Plaintiff's Marks").

14. Plaintiff is also the holder of numerous international trademarks in the following locations: Canada, New Zealand, India, Philippines, South Korea, Malaysia, Russian Federation, Brazil, Mexico, International Protocol (Madrid Treaty), European Community, Hong Kong, Japan, Taiwan, Australia, Singapore, Thailand, and the People's Republic of China.

15. Plaintiff is also the exclusive holder of federally-registered and

1  common law Copyrights (collectively, the "Common-Law Copyrights"). Currently,
2  Plaintiff has numerous copyright applications pending approval with the United
3  States Copyright Office concerning Plaintiff's packaging materials related to and
4  used in connection with the distribution of its MOPHIE – branded products.

5      16.   Currently, Plaintiff holds federally-registered Copyrights related to
6  and used in connection with the distribution of its MOPHIE – branded products
7  (collectively, the "Federally-Registered Copyrights"), with the following
8  registration numbers and registration dates:

9          A.   "Mophie Juice Pack Plus for iPhone 4 Package and Insert,"
10         registration number VA0001780916, registered March 30, 2011.

11         B.   "Mophie JPA iPhone 4 Package and Insert," registration
12         number VA0001758285, registered December 13, 2010.

13 Attached hereto as Exhibit "E"-"F" are true and correct copies of the certificates of
14 registration for each of the works of authorship that are registered with the United
15 States Copyright Office.

16     17.   Defendants use, amongst other things, the Internet auction website
17 known as eBay to sell and distribute products, including counterfeit hard goods
18 bearing Plaintiff's marks, described above, to consumers.  At any given time, there
19 are millions of items listed on eBay for bid or purchase by its more than one
20 million registered users.  Buyers have the option to purchase items in an auction-
21 style format where users bid on products or items can be purchased at a fixed price
22 through a feature referred to as "Buy It Now."  Using another eBay feature referred
23 to as "Feedback," users who have made a purchase on eBay are given the
24 opportunity to post positive, neutral or negative reviews in relation to their buying
25 experience.  While feedback can give some indication of sales volume, empirical
26 evidence shows that actual sales far exceed the number of feedback entries a seller
27 receives.

28     18.   Beginning on a date that is currently unknown to Plaintiff and

1   continuing to the present, Defendant has, without the consent of Plaintiff, offered
2   to sell and sold within the United states (including within this judicial district)
3   goods that were neither made by Plaintiff nor by a manufacturer authorized by
4   Plaintiff (such goods are hereafter referred to as "Counterfeit Goods") using
5   reproductions, counterfeits, copies and/or colorable imitations of one or more of
6   Plaintiff's Marks. On information and belief, Plaintiff further alleges that
7   Defendant imported said Counterfeit Goods into the United States, or encouraged
8   others to import said Counterfeit Goods into the United States, for the purpose of
9   reselling the Counterfeit Goods in the United States.

10       23.    Defendants manage and operate a webpage on eBay.com under the
11   moniker "merchanttx."    Through this webpage, Defendants regularly and
12   systematically advertise, market, distribute and sell counterfeit products bearing
13   unauthorized MOPHIE registered trademarks.  As of July 24, 2011, Defendants'
14   webpage showed at least 14 prior sales of MOPHIE-branded products with a total.
15   Indeed, Defendants' webpage shows at least 14 feedbacks from various purchasers
16   of MOPHIE – branded products.

17       24.    Through such business activities, Defendants purposely derived direct
18   benefits from their interstate commerce activities by targeting foreseeable
19   purchasers in the State of California.

20       25.    On July 2, 2011, in its ongoing investigation of counterfeit
21   sales of the Plaintiff's products, Plaintiff's investigator purchased a counterfeit
22   "Mophie Juice Pack Air for iphone 4-Black" from Defendant, for a cost of $49.99
23   charged to the PayPal electronic payment account of Plaintiff's investigator.
24   Defendant thereafter shipped into Los Angeles, California, and within this Court's
25   jurisdiction, the item purchased by Plaintiff's investigator.  A true and correct copy
26   of the website purchase receipt is attached hereto as Exhibit "G."

27       26.    Defendants intentionally and knowingly directed payment for the
28   counterfeit items to be made to PayPal, a company owned by eBay, with its

1  principal place of business located in Orange County, California, within this
2  judicial district.

3      28.    Upon its receipt, the product purchased from Defendant was inspected
4  by Plaintiff in Los Angeles, California to determine authenticity.    Plaintiff's
5  inspection of the purchased item using security measures confirmed that the item
6  Defendants sold to the investigator was in fact a counterfeit Mophie Juice Pack
7  Air.

8      29.    Defendant uses images and names confusingly similar or identical to
9  Plaintiff's Marks to confuse consumers and aid in the promotion and sales of its
10 unauthorized and counterfeit product.  Defendants' use of Plaintiff's Marks include
11 importing, advertising, displaying, distributing, selling and/or offering to sell
12 unauthorized copies of Plaintiff's Mophie-branded products.

13     30.    Defendant's use began long after Plaintiff's adoption and use of its
14 trademarks, and after Plaintiff obtained the trademark registrations alleged above.
15 Neither Plaintiff nor any authorized agents have consented to Defendant's use of
16 Plaintiff's Marks.

17     31.    Defendant's actions have confused and deceived, or threatened to
18 confuse and deceive, the consuming public concerning the source and sponsorship
19 of the counterfeit Mophie-branded products sold and distributed by Defendant.  By
20 its wrongful conduct, Defendant has traded upon and diminished Plaintiff's
21 goodwill.  Furthermore, the sale and distribution of counterfeit goods by Defendant
22 has infringed upon Plaintiff's federally registered trademarks.

23     32.    Defendant currently has at least 14 prior sales on eBay for Plaintiff
24 Products.  The listing information on these auctions is identical with that of the
25 counterfeit "Mophie Juice Pack Air for iphone 4-black" purchased from Defendant
26 on July 2, 2011.

27     33.    Defendant's offering to sell, selling, importing and encouraging others
28

1   to import counterfeit goods in this manner was and is likely to cause confusion or
2   to cause mistake and/or to deceive consumers who purchase the counterfeit goods.

3        34.    Defendant also offered to sell, sold, imported, and/or encouraged
4   others to import for purpose of resale within the United States counterfeit goods
5   consisting of reproductions and/or copies of products bearing Plaintiff's Marks.
6   Defendant's use of such Marks was done without Plaintiff's authorization.

7   **FIRST CAUSE OF ACTION**

8   **(Trademark Infringement Against Defendant CARL TANNER, and Does 1-**
9   **10, Inclusive)**

10   **[15 *U.S.C.* §1114/*Lanham Act* §43(a)]**

11        35.    Plaintiff hereby incorporates by reference each of the other allegations
12   set forth elsewhere in this Complaint as though fully set forth in this cause of
13   action.

14        36.    Defendant's actions as described herein constitute direct and/or
15   contributory trademark infringement in violation of 15 U.S.C. §1114(1)(a).

16        37.    As a proximate result of Defendant's trademark infringement,
17   Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff
18   alleges on information and belief that, as a proximate result of Defendant's
19   trademark infringement, Defendant has unlawfully profited in an amount to be
20   proven at trial.

21        38.    At all relevant times, Defendant acted intentionally and/or willfully in
22   using the Marks on the Counterfeit Goods, knowing that said Marks belonged to
23   Plaintiff, that the Counterfeit Goods were in fact counterfeit, and that Defendant
24   was not authorized to use said Marks on the Counterfeit Goods.   Plaintiff is
25   therefore entitled to recovery of treble damages pursuant to 15 *U.S.C.* §1117(a).
26   Further, Defendant's knowing, intentional and/or willful actions make this an
27   exceptional case, entitling Plaintiff to an award of reasonable attorney fees
28   pursuant to 15 *U.S.C.* §1117(a).

1    39.    Defendant's actions also constitute the use by Defendant of one or
2    more "counterfeit mark" as defined in 15 *U.S.C.* §1116(d)(1)(B). Plaintiff therefore
3    reserves the right to elect, at any time before final judgment is entered in this case,
4    an award of statutory damages pursuant to 15 *U.S.C.* §1117(c)(1) and/or (2).

5    40.    The acts of direct and/or contributory trademark infringement
6    committed by Defendant have caused, and will continue to cause, Plaintiff
7    irreparable harm unless they are enjoined by this Court.

**SECOND CAUSE OF ACTION**

**(False Designation of Origin, False or Misleading Advertising Against**

**Defendant CARL TANNER, and Does 1-10, Inclusive)**

**[15 *U.S.C.* §1125 (a)]**

12   41.    Plaintiff hereby incorporates by reference each of the other allegations
13   set forth elsewhere in this Complaint as thought fully set forth in this cause of
14   action.

15   42.    Defendant's actions as described herein constitute direct and/or
16   contributory violation of 15 *U.S.C.* §1125(a)(1)(A), as such actions are likely to
17   cause confusion, or to cause mistake, or to deceive as to the affiliation, connection,
18   or association of defendant with Plaintiff and/or as to the origin, sponsorship,
19   and/or approval of such Counterfeit Goods by Plaintiff.

20   43.    As a proximate result of Defendant's violation as described herein,
21   Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff
22   alleges on information and belief that, as a proximate result of defendant's direct
23   and/or contributory trademark infringement, Defendant has unlawfully profited, in
24   an amount to be proven at trial.

25   44.    Defendant's acts of violating, directly and/or contributorily, Section
26   1125 have caused, and will continue to cause, Plaintiff irreparable harm unless
27   they are enjoined by this Court.
28   ///

## **THIRD CAUSE OF ACTION**

**(Dilution Against Defendant CARL TANNER, and Does 1-10, Inclusive)**

**[15 U.S.C. §1125(c)]**

45.    Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

46.    Plaintiff's marks are distinctive and famous within the meaning of the Lanham Act.

47.    Upon information and belief, Defendant's unlawful actions began long after Plaintiff's mark became famous, and Defendant acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's mark.  Defendant's conduct is willful, wanton and egregious.

48.    Defendant's intentional sale of fake, pirated and counterfeit items bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products manufactured by Plaintiff. The actions of Defendant complained of herein have diluted and will continue to dilute Plaintiff's marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and injure the business reputation of Plaintiff and its marks.

49.    Defendant's acts have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's unlawful acts, unless they are enjoined by this Court.

50.    As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendant's profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

1

2

3

## FOURTH CAUSE OF ACTION

### (Unfair Competition Against CARL TANNER, and Does 1-10, Inclusive)
### California Bus. & Professional Code §17200 *et seq.*

4       51.     Plaintiff hereby incorporates by reference each of the other allegations

5    set forth elsewhere in this Complaint as thought fully set forth in this cause of

6    action.

7       52.     Defendant's actions described herein constitute unlawful, unfair

8    and/or fraudulent business acts or practices. Defendant's actions thus constitute

9    "unfair competition" pursuant to *California Business & Professionals Code*

10   §17200.

11      53.     As a proximate result of Defendant's actions, Plaintiff has suffered an

12   injury in fact, including without limitation, damages in an amount to be proven at

13   trial, loss of money or property, and diminution in the value of its trademarks.

14   Plaintiff therefore has standing to assert this claim pursuant to *California Business*

15   *& Professions Code* §17204.

16      54.     Defendant's actions have caused, and will continue to cause Plaintiff

17   to suffer irreparable harm unless enjoined by this Court pursuant to *California*

18   *Business & Professions Code* §17203.  In addition, Plaintiff requests that the Court

19   order that Defendant disgorges all profits wrongfully obtained as a result of

20   Defendant's unfair competition, and order that defendant pay restitution to Plaintiff

21   in an amount to be proven at trial.

22

## FIFTH CAUSE OF ACTION

23

24

### (Unjust Enrichment Against Defendant CARL TANNER, and Does 1-10, Inclusive)

25      55.     Plaintiff hereby incorporates by reference each of the other allegations

26   set forth elsewhere in this Complaint as thought fully set forth in this cause of

27   action.

28      56.     By virtue of the egregious and illegal acts of Defendant as described

1  above, Plaintiff has been unjustly enriched in an amount to proven at trial.

2      57.    Defendant's retention of monies gained through its deceptive business

3  practices, infringement, acts of counterfeit and otherwise would serve to unjustly

4  enrich Defendant and would be contrary to the interests of justice.

5  **SIXTH CAUSE OF ACTION**

6  **(Federal Copyright Infringement Against CARL TANNER, and Does 1-10,**

7  **Inclusive)**

8  **[17 U.S.C. §501(a)]**

9      58.    Plaintiff hereby incorporates by reference each of the other allegations

10  set forth elsewhere in this Complaint as thought fully set forth in this cause of

11  action.

12      59.    Plaintiff is the exclusive owner of copyrights in and related to its

13  MOPHIE – branded products packaging, having numerous applications relating to

14  the same pending with the United States Copyright Office and possessing

15  copyright registrations with the United States Copyright Office.

16      60.    Defendants did not seek and failed to obtain Plaintiff's consent or

17  authorization to utilize, manufacture, reproduce, copy, display, prepare derivative

18  works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-

19  protected materials.

20      61.    Without permission, Defendants intentionally and knowingly

21  reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's

22  protected works by offering, advertising, promoting, retailing, selling, and

23  distributing counterfeit MOPHIE-branded products contained within product

24  packaging which is at a minimum substantially similar to Plaintiff's Copyright

25  protected product packaging.

26      62.    Defendants' acts as alleged herein, constitute infringement of

27  Plaintiff's copyright, including Plaintiff's exclusive rights to reproduce, distribute

28  and/or sell such protected material.

- 13 -
**COMPLAINT FOR DAMAGES**

1    63.    Defendants' knowing and intentional copyright infringement as
2  alleged herein has caused and will continue to cause substantial and irreparable
3  harm to Plaintiff and has and will continue to cause damage to Plaintiff.  Plaintiff
4  is therefore entitled to injunctive relief, damages, Defendants' profits, increased
5  damages, and reasonable attorney's fees and costs.

6                          **SEVENTH CAUSE OF ACTION**

7  **(Common Law Copyright Infringement Against CARL TANNER, and Does**
8  **1-10, Inclusive) [California Civil Code § 980 et seq., and California Common**
9                                    **Law]**

10    64.    Plaintiff hereby incorporates by reference each of the other allegations
11  set forth elsewhere in this Complaint as thought fully set forth in this cause of
12  action.

13    65.    At all times relevant herein, Plaintiff has held and still holds the
14  exclusive rights under California law and common law to reproduce, distribute, or
15  license the reproduction and distribution of the artwork, design, pictures,
16  representation, model and patterns protected by Plaintiff's Common Law
17  Copyrights in any and all formats and mediums, throughout the United States.
18  The artwork, design, pictures, representation, model and pattern of protected by
19  Plaintiff's Common Law Copyrights are original works in tangible form which
20  have been widely disseminated and published.

21    66.    The conduct herein complained of was extreme, outrageous,
22  fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's
23  rights. Defendants' acts have irreparably harmed and continue to harm Plaintiff's
24  exclusive proprietary rights and constitute common law copyright infringement
25  and unfair competition. Defendants' outrageous conduct supports an award of
26  exemplary and punitive damages in an amount sufficient to punish and make an
27  example of Defendants and to deter them from similar conduct in the future. Each
28  infringing transfer, duplication, sale, rental, distribution, display and other

1   exploitation of the artwork, design, pictures, representation, model and patterns
2   protected by Plaintiff's Common Law Copyrights constitutes a separate claim
3   against Defendants under common law copyright and California Civil Code § 980.

4                          **REQUEST FOR RELIEF**

5        WHEREFORE, Plaintiff hereby respectfully requests the following relief
6   against Defendant CARL TANNER, and Does 1-10, inclusive, and each of them as
7   follows:

8        1. For an award of Defendants' profits and Plaintiff's damages in an amount
9           to be proven at trial for trademark infringement under 15 U.S.C.
10          §1114(a);

11       2. For an award of Defendants' profits and Plaintiff's damages in an amount
12          to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

13       3. For an award of Defendants' profits and Plaintiff's damages in an amount
14          to be proven at trial for false designation of origin and unfair competition
15          under 15 U.S.C. §1125(a);

16       4. For an award of Defendants' profits and Plaintiff's damages in an amount
17          to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

18       5. In the alternative to actual damages and Defendants' profits for the
19          infringement of Plaintiff's trademark pursuant to the Lanham Act, for
20          statutory damages pursuant to 15 U.S.C. §1117(c), which election
21          Plaintiff will make prior to the rendering of final judgment;

22       6. In the alternative to actual damages and Defendants' profits pursuant to
23          17 U.S.C. §504(b), for statutory damages pursuant to 17 USC §504(c),
24          which election Plaintiff will make prior to the rendering of final
25          judgment;

26       7. For restitution in an amount to be proven at trial for unfair, fraudulent
27          and illegal business practices under *Business & Professions Code*
28          §17200;

                                 - 15 -
                        **COMPLAINT FOR DAMAGES**

8.  Preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concern or participation with it, and each of them, from:

   a.  The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit MOPHIE product identified in the Complaint and any other unauthorized MOPHIE product (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

   b.  The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any MOPHIE Mark, trade name and/or trade dress including, but not limited to, any MOPHIE Mark at issue in this action.

   c.  The unauthorized use, in any manner whatsoever, of any MOPHIE trademark, trade name and/or trade dress including, but not limited to, the MOPHIE Marks at issue in this action, any variants, colorable imitations, translations, and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

      i.  On or in conjunction with any product or service; and

      ii.  On or in conjunction with any advertising, promotional

1          materials, labels, hangtags, packaging, or containers.

2       d. The use of any trademark, trade name, or trade dress that falsely

3          represents, or is likely to confuse, mislead, or deceive purchasers,

4          customers, or members of the public to believe that unauthorized

5          product imported, exported, manufactured, reproduced, distributed,

6          assembles, acquired, purchased, offered, sold, transferred,

7          brokered, consigned, distributed, stored, shipped, marketed,

8          advertised and/or promoted by Defendants originates from

9          MOPHIE, or that said merchandise has been sponsored, approved,

10         licensed by, or associated with MOPHIE or is, in some way,

11         connected or affiliated with MOPHIE.

12      e. Engaging in any conduct that falsely represents that, or is likely to

13         confuse, mislead, or deceive purchasers, customers, or members of

14         the public to believe that Defendants themselves are connected

15         with, or are in some way sponsored by or affiliated with MOPHIE,

16         purchases product from or otherwise have a business relationship

17         with MOPHIE.

18      f. Affixing, applying, annexing, or using in connection with the

19         manufacture, distribution, advertising, sale, and/or offering for sale

20         or other use of any goods, a false description or representation,

21         including words or symbols, tending to falsely describe or

22         represent such goods as being those of MOPHIE.

23      g. Hiding, disposing of, destroying, moving, relocating or transferring

24         any and all products, advertising, promotional materials, labels,

25         hangtags, packaging or containers bearing any of the MOPHIE

26         Marks; and/or

27      h. Disposing of, destroying, moving, relocating or transferring any

28         documents or things, including electronic records, pertaining to the

- 17 -
**COMPLAINT FOR DAMAGES**

purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any MOPHIE Mark or which otherwise refer or relate to MOPHIE or any MOPHIE Mark.

9. Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on MOPHIE within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

10. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

11. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

12. Pursuant to 15 U.S.C. §1118 and 17 U.S.C. §503 requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver up to MOPHIE for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the MOPHIE Marks alone, or in combination with any other word, words, or design;

13. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements engaged in by Defendants, under 15 U.S.C.

1    §1117(b);

2    14. For damages in an amount to be proven at trial for unjust enrichment;

3    15. For an award of exemplary or punitive damages in an amount to be

4        determined by the Court;

5    16. For Plaintiff's reasonable attorney's fees;

6    17. For all costs of suit;

7    18. For such other and further relief as the Court may deem just and

8        equitable.

9                        **DEMAND FOR JURY TRIAL**

10   Plaintiff MOPHIE, INC., respectfully demands a trial by jury in this action.

11

12   DATED: September 2, 2011          JOHNSON & PHAM, LLP

13

14                                     By: _____

15                                     Christopher D. Johnson, Esq.
                                       Christopher Q. Pham, Esq.

16                                     Marcus F. Chaney, Esq.
                                       Jason R. Vener, Esq.

17                                     *Attorneys for Plaintiff*
                                       MOPHIE, INC.

18

19

20

21

22

23

24

25

26

27

28

- 19 -
**COMPLAINT FOR DAMAGES**